IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE JINES, et al., | : |
|     Plaintiffs, | : |
| | :    CIVIL ACTION |
| v. | :    No. 21-346 |
| | : |
| THE DEVEREAUX | : |
| FOUNDATION, et al., | : |
|     Defendants. | : |

**ORDER**

**AND NOW,** this 28th day of March, 2022, it is **ORDERED** that the Defendants', Devereux Foundation (d/b/a Devereux Advanced Behavioral Health) and Quality Health Staffing, LLC (collectively "Devereaux"), partial[1] motion to dismiss Plaintiffs' second amended complaint (ECF No. 27) is granted in part and denied in part, as follows:

- Devereaux moves to dismiss all claims by Plaintiff Jane Doe 4 as barred by the statute of limitations. Plaintiffs do not oppose this motion. Therefore, Devereaux's motion to dismiss all claims by Plaintiff Jane Doe 4 is **GRANTED** as unopposed**;**

- Devereaux moves to dismiss all claims by Plaintiff Gilbert Khan as barred by the statute of limitations. Plaintiff Khan alleges he was forcefully medicated, sedated and subjected to solitary confinement between 1976 and 1978, when he was 14 and 15 years old. Plaintiffs do not contest that Plaintiff Khan's tort claims are subject to a two year statute of limitations under both Texas and Pennsylvania law

---

[1] Devereaux moves to dismiss counts I, II, IX, X, XI, XII, XIII, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI, XXVII, XXVIII, XXIX, and XXXI in Plaintiffs' second amended complaint (ECF No. 25), as well as all claims by Plaintiffs Jane Doe 4 and Gilbert Kahn.

1

but argue that the doctrine of fraudulent concealment tolls the limitations period. Devereaux's motion to dismiss all claims by Plaintiff Gilbert Khan is **DENIED** without prejudice to raise at a later stage of litigation**;**

- Count I (Creation of Sexually Hostile Culture/Heightened Risk of Sexual Harassment) and Count II (Deliberate Indifference to Prior Sexual Harassment) by all Plaintiffs claim that Devereaux violated Title IX by maintaining a policy of deliberate indifference to sexual misconduct which created a known or obviously heightened risk of sexual harassment that deprived the plaintiffs of access to Devereaux's educational opportunities. Devereaux argues that this is a novel theory under Title IX that has never been recognized by this circuit, and that plaintiffs have not alleged sufficient facts to show notice, deliberate indifference, or that plaintiffs were barred from receiving an education. Devereaux's motion to dismiss Counts I and II is **DENIED** without prejudice to raise at a later stage of litigation**;**

- Count IX (Violation of California Unfair Competition Law) by Plaintiff Jines, Count X (Violation of California Consumer Legal Remedies Act) by Plaintiff Jines, Count XII (Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law) by Plaintiffs Jane Doe 1, John Doe 1, and John Doe 2, and Count XIII (Violation of Texas Deceptive Trade Practices-Consumer Protection Act) by Plaintiff Kahn claim consumer fraud, arguing that by misrepresenting itself as a place that would protect young people, Devereaux deceived Plaintiffs into paying fees for enrollment at Devereaux and were not given the positive and supportive environment they paid for. Devereaux argues that plaintiffs do not sufficiently

plead economic loss. Devereaux's motion to dismiss Counts IX, X, XII, and XIII is **DENIED** without prejudice to raise at a later stage of litigation**;**

- Count XI (Violation of California Child Abuse and Neglect Reporting Act) by Plaintiff Jines alleges that Devereaux failed to report to the government suspicion that children were victims of abuse or neglect, in violation of California law. Devereaux argues that this claim, which must be brought as negligence *per se*, is duplicative of Plaintiffs' many other claims that Devereaux failed to comply with its reporting obligations under negligence, gross negligence, vicarious liability, and breach of fiduciary duty claims. Devereaux's motion to dismiss Count XI is **DENIED** without prejudice to raise at a later stage of litigation**;**

- Count XVI (Vicarious Liability) by all Plaintiffs alleges that Devereaux ratified the tortious misconduct of their employees, through *respondeat superior*, negligent supervision, retention and hiring, and/or through enabling the mistreatment. Devereaux argues that it cannot be vicariously liable because the alleged actions were criminal, personally motivated, and outside the scope of employment. Devereaux's motion to dismiss Count VI is **DENIED** without prejudice to raise at a later stage of litigation**;**

- Counts XVII through XXIX (Assault and Battery) by all Plaintiffs are brought against Devereaux for the physical and verbal abuse that Devereaux staff allegedly inflicted on plaintiffs under theories of both direct and vicarious liability. As to direct liability, Plaintiffs argue that Devereaux itself can be held directly liable for the assault and battery because intent can be proven by an actor believing the harm is substantially certain to result from a decision that they

made. *In re Conte*, 33 D.3d 303, 308 (3d Cir. 1994). In application, this rule applies to situations like *Terilli v. Falvey* where the defendant intended to grab Plaintiff and throw them to the ground but did not intend to lacerate Plaintiff's scalp or give him a concussion. 2019 WL 1429350, at *2-3 (M.D. Pa. Mar. 28, 2019). The court held that the defendant was still liable for resulting injuries because he intended to bring about the harmful and offensive contact that caused them. *Id.* Plaintiffs have not sufficiently pled facts for any individual instance of battery that Devereaux had intent to cause it or knew it was substantially certain, and therefore Devereaux's motion to dismiss Counts XVII through XXIX is **GRANTED** insofar as Plaintiffs allege direct liability. However, insofar as Plaintiffs allege vicarious liability, Devereaux's motion to dismiss Counts XVII through XXIX is **DENIED** without prejudice to raise at a later stage of litigation;

- Count XXXII (Intentional Infliction of Emotional Distress) by all Plaintiffs alleges that Devereaux's failure to create or enforce policies to protect its patients from abuse amounts to extreme and outrageous conduct that caused severe emotional distress. Devereaux argues that refusal to enforce policies and procedures cannot be extreme and outrageous because of the high bar for intentional infliction of emotional distress claims, and that there is no proof or allegation that Devereaux acted with the intent to cause emotional distress. Devereaux's motion to dismiss Count IX is **DENIED** without prejudice to raise at a later stage of litigation.

          s/ANITA B. BRODY, J.
          ANITA B. BRODY, J.