**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHERINE JINES, et al., | : |
| | : |
| Plaintiffs, | : Case No. 2:21-cv-346-ABB |
| v. | : |
| | : Judge Anita B. Brody |
| THE DEVEREUX FOUNDATION, et al. | : |
| | : Electronically Filed |
| | : |
| Defendants. | : |
| | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE DEVEREUX DEFENDANTS**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants, The Devereux Foundation ("Devereux") and QualityHealth Staffing, LLC ("QualityHealth," and together with Devereux, the "Devereux Defendants"), hereby answer the Second Amended Complaint of Plaintiffs, and plead their affirmative defenses as set forth below.

**As to "INTRODUCTION"**

1.      The Devereux Defendants admit that Devereux presently operates programs and facilities in 13 different states, providing services to more than 25,000 individuals a year with intellectual and developmental disabilities, autism, and mental health issues.  To the extent this paragraph purports to characterize Devereux's website, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

2-3.     The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

4.      The Devereux Defendants admit that the *Philadelphia Inquirer* published an article concerning Devereux in August 2020.  The remaining averments of this paragraph purport to characterize and quote from the article, which speaks for itself, and the Devereux Defendants deny

any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments in this paragraph.

5.      The Devereux Defendants admit that after the publication of the August 2020 *Inquirer* article, several former Devereux clients asserted allegations that they were sexually abused at Devereux.  The remaining averments of this paragraph purport to characterize a news article, which in turn purports to characterize allegations in a civil complaint, both of which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments in this paragraph.

6-7.      The Devereux Defendants admit that Plaintiffs bring this lawsuit against the Devereux Defendants based on allegations that they suffered abuse at Devereux.  The Devereux Defendants deny Plaintiffs' allegations of abuse.

**As to "<u>JURISDICTION AND VENUE</u>"**

8.      The averments of this paragraph constitute conclusions of law to which no response is required.

9.      The Devereux Defendants admit that Devereux and QualityHealth are entities organized under the laws of the Commonwealth of Pennsylvania that are headquartered and maintain their principal places of business in Pennsylvania.  The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph regarding the state citizenship of Plaintiffs, which averments therefore are deemed denied.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

10.      The Devereux Defendants admit that Devereux is headquartered at 444 Devereux Drive Villanova, PA, where its executive leadership operates, has been headquartered in

2

Pennsylvania since its founding, and operates several facilities in Pennsylvania.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

11.     The averments of this paragraph constitute conclusions of law to which no response is required.

As to "<u>THE PARTIES</u>"
"I.  <u>Plaintiffs</u>"
"A.  <u>Plaintiff Katherine Jines</u>"

12.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

13.     The Devereux Defendants admit that Plaintiff Jines was a patient at a Devereux facility located in Santa Barbara, California in 2004.  The Devereux Defendants deny that Plaintiff Jines was 13 years old when she was a patient at Devereux; she was 14 years old.

As to "B.  <u>Plaintiff Gilbert Kahn</u>"

14.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

15.     The Devereux Defendants admit that Plaintiff Kahn was admitted Devereux's facility located in Devon, Pennsylvania, when he was 14 years old, that in 1978 he was transferred to Devereux's Brandywine facility and then to a Devereux facility located in Victoria, Texas. The Devereux Defendants deny that Plaintiff Kahn first became a Devereux patient in 1976; he was first admitted at Devereux in 1977.

As to "C.  <u>Plaintiff John Brainard</u>"

16.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

3

17. The Devereux Defendants admit that Plaintiff Brainard was a patient at Devereux facilities in Pennsylvania and Massachusetts. The Devereux Defendants deny that Plaintiff Brainard's first placement was at Devereux's Gateway facility; Plaintiff Brainard was first a patient of Devereux Greenway, located in West Chester Pennsylvania, beginning in 1969, and then was transferred to Devereux Gateway, located in Newtown Square, Pennsylvania, in 1970. The Devereux Defendants admit that Plaintiff Brainard was transferred to Devereux's facility located in Massachusetts when Plaintiff Brainard was 13 years old.

**As to "D. <u>Nicco Beretta</u>"**

18. The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

19. The Devereux Defendants admit that Plaintiff Beretta was a patient at Devereux Deerhaven located in Chester Township, New Jersey, between 1987 and 1990. Further answering, Plaintiff Beretta was discharged from Devereux in 1991. The Devereux Defendants deny that Plaintiff Beretta was "nearly 12 years old" when he was first admitted at Devereux; he was 13 years old. The Devereux Defendants deny that Plaintiff Beretta was "nearly 16 years old" when he left Devereux; he was 16 years old.

**As to "E. <u>Plaintiff Jane Doe 1</u>"**

20-21. The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 38; therefore, no response by the Devereux Defendants to these averments is required.

**As to "F. <u>Plaintiff Jane Doe 2</u>"**

22. The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

23. The Devereux Defendants admit that Plaintiff Jane Doe 2 was a patient Devereux's facility located in Woodville, Florida. The Devereux Defendants deny that Plaintiff Jane Doe 2 was enrolled beginning in 2004; Plaintiff Jane Doe 2 was admitted in 2005. The Devereux Defendants deny that Plaintiff Jane Doe 2 was a patient when she was 14-16 years old; she was 15-16 years old.

**As to "G.  <u>Plaintiff Jane Doe 3</u>"**

24. The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

25. The Devereux Defendants admit that Plaintiff Jane Doe 3 was a patient of Devereux's Statewide Inpatient Psychiatric Program and Group Home ("SIPP") located in Woodville, Florida. The Devereux Defendants deny that Plaintiff Jane Doe 3 was admitted to Devereux SIPP in 2004; Plaintiff Jane Doe 3 was admitted to Devereux SIPP in 2005, after being transferred for another Devereux facility located in Viera, Florida. The Devereux Defendants deny that Plaintiff Jane Doe 3 was 14-16 years old when she was a patient at Devereux SIPP; she was 13-15 years old.

**As to "H.  <u>Plaintiff Jane Doe 4</u>"**

26-27. The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 32; therefore, no response by the Devereux Defendants to these averments is required.

**As to "I.  <u>Plaintiff Jane Doe 5</u>"**

28. The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

29. Admitted.

**As to "J.  Plaintiff Jane Doe 6"**

30.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

31.     The Devereux Defendants admit that Plaintiff Jane Doe 6 was a patient at Devereux Gateway in Newtown Square, Pennsylvania.  The Devereux Defendants deny that Plaintiff Jane Doe 6 was enrolled at Devereux Gateway between 1997 and 1999, when she was 14-16; Plaintiff Jane Doe 6 was admitted to Devereux Gateway in March 1998 and discharged in September 1998 and was 15 years old during that period.

**As to "K.  Plaintiff John Doe 1 (a minor by and through his parent)"**

32.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

33.     Admitted.

**As to "L.  Plaintiff John Doe 2 (a minor by and through his parent)"**

34-35.  The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 51; therefore, no response by the Devereux Defendants to these averments is required.

**As to "M.  Plaintiff John Doe 3 (a minor by and through his parent)"**

36.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

37.     Admitted.

**As to "II.  Defendants"**
**"A.  The Devereux Foundation (d/b/a Devereux Advanced Behavioral Health)"**

38.     The Devereux Defendants deny as stated the allegation that Devereux operates "21 campuses."  The Devereux Defendants admit the remaining averments of this paragraph.

39.     The Devereux Defendants deny that Devereux's Chief Financial Officer is also an Operating Vice President. Devereux's current Chief Financial Officer is also a Senior Vice President; he previously held the position of Operating Vice President. The Devereux Defendants also deny that Devereux's Chief Financial Officer is also the Chief Executive Officer of QualityHealth.  Rather, Devereux's Senior Vice President or People Operations leads QualityHealth.  The remaining averments of this paragraph are admitted.

40.     The averments of this paragraph constitute conclusions of law to which no response its required.

41.     The Devereux Defendants admit that Devereux receives various forms of state and federal funding.  The remaining averments of these paragraph purport to characterize and quote from Devereux's website and news articles, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.

## As to "B. <u>QualityHealth Staffing, LLC</u>"

42.     Admitted.

43.     It is admitted that Devereux President and CEO, Carl E. Clark II, announced an organizational redesign in April 2018 and that QualityHealth was launched in connection therewith.  To the extent the averments of this paragraph purport to characterize Devereux's website, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

44.     This paragraph purports to characterize and quote written content from QualityHealth's website, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.

45.     The Devereux Defendants deny that Robert C. Dunne is currently the CEO of QualityHealth.  Rather Mike Ernst is the CEO of QualityHealth. Further answering, Mr. Dunne previously served as the CEO of QualityHealth.

46.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

### As to "FACTUAL ALLEGATIONS"

47-49. Admitted.   To the extent this paragraph purports to characterize Devereux's website, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

50-51. Denied.

52.     Devereux admits that it provides services to, among other clients, children with intellectual abilities and children who previously were victims of abuse.  Devereux admits that children with an IQ below 70 may be considered intellectually disabled.  To the extent this paragraph purports to characterize a publication by the National Academies Press, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.  The remaining averments of this paragraph purport to characterize a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the allegations of abuse in this paragraph.

53.     This paragraph purports to characterize and quote from a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments in this paragraph. Further, certain averments of this paragraph pertain to a plaintiff whose claims were dismissed from this action

pursuant to Docket Entry 32; therefore, no response by the Devereux Defendants to these averments is required.

54.     The Devereux Defendants deny the averments of this paragraph as stated.  To the extent this paragraph purports to characterize written content from the U.S. Department of Health & Human Services website, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

55.     This paragraph purports to characterize and quote from a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments in this paragraph.

56.     Denied.

57.     This paragraph purports to characterize a written statement by Devereux CEO Carl E. Clark II, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  This paragraph also purports to characterize a news article, which in turn purports to characterize trial testimony in a civil lawsuit, both of which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the remaining averments of this paragraph.

58.     Denied.

59.     This paragraph purports to characterize a publication by the University of Oregon, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.

60-62.  These paragraphs purport to characterize and quote from posts made on the Glassdoor website, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments of these paragraphs.

63.     Denied.

64.     The Devereux Defendants admit that children come to Devereux for, among other things, treatment, healing, and belonging.   The Devereux Defendants deny the remaining averments of this paragraph.

**As to "A.   <u>Devereux represented that it would provide children with a safe environment.</u>"**

65.     Admitted.

66.     The Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments regarding the state of mind of the unidentified children and parents referenced in this paragraph; therefore, such averments are deemed denied.   The Devereux Defendants admit the remaining averments of this paragraph.

**As to "B.   <u>Devereux and its staff members broke patients' and families' trust.</u>"**

67.     Admitted.

68.     The Devereux Defendants admit that certain individuals have alleged incidents of abuse at Devereux facilities.   This paragraph and its subparagraphs purport to characterize and/or quote from news articles, some of which in turn purport to characterize records from criminal proceedings, all of which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.

**As to "C.   <u>Devereux failed to take steps to protect the children from abuse.</u>"**

69.     The Devereux Defendants deny the averments of this paragraph as stated.   Further responding, Devereux has certain policies and procedures that apply across all Devereux centers and programs as well as policies and procedures that apply locally, at the center or program level.

70.     Denied.

71-72. These paragraphs purport to characterize and quote from posts made on the Glassdoor website, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof. The Devereux Defendants deny the substance of the averments of these paragraphs.

73.      This paragraph purports to characterize and quote from a news article, which is a document that speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof. The Devereux Defendants deny the substance of the averments of this paragraph.

74.      Devereux admits that an employee working 40 hours per week, 52 weeks per year at $13.75 per hour would have a gross annual salary of $28,600. The remaining averments of this paragraph purport to characterize and/or quote from posts made on the Glassdoor website and written content on the Pennsylvania Department of Community and Economic Development website, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof. The Devereux Defendants deny the substance of the averments of these paragraphs.

75.      This paragraph purports to characterize and/or quote from posts made on the Glassdoor website, a publication by the Pennsylvania Department of Labor and Industry,  and a news article, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof. The Devereux Defendants deny the substance of the averments of these paragraphs

76.      Devereux denies the allegation of "systematic abuse" in this paragraph. Devereux admits that its client revenue exceeds $500 million annually, approximately 95% of which comes from government sources. Devereux denies the remaining averments of this paragraph as stated.

11

To the extent this paragraph purports to characterize a news article, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

77.    Devereux denies that it has severely understaffed its facilities.  The remaining averments of this paragraph purport to characterize a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments of this paragraph.

78.    Devereux denies that its employees failed to do their jobs or failed to ensure children's safety.  The remaining averments of this paragraph purport to characterize a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments of this paragraph.

79.    This paragraph purports to characterize and quote from a news article, which is a document that speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.  The Devereux Defendants deny the substance of the averments of this paragraph.

80.    Devereux admits that it receives hundreds of millions of dollars in client revenue from government sources.  Devereux denies the remaining averments of this paragraph.

81.    Devereux denies any alleged failure to ensure children's safety.  The remaining averments of this paragraph purport to characterize a news article, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.

82.    Admitted.

83.    The Devereux Defendants deny that Devereux failed to implement identified safety initiatives and deny that Devereux's actions resulted in any harm to its clients.  To the extent this paragraph purports to characterize a news article, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

**As to "D.  Plaintiffs Were Abused in Devereux Facilities."**

84.     After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

**As to "1. Plaintiff Katherine Jines"**

85-88.  The Devereux Defendants admit that Plaintiff Jines was a patient in a Devereux facility located in Santa Barbara, California.  The Devereux Defendants deny that Plaintiff Jines was 13 years old when she was a patient at Devereux; rather she was 14 years old.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

89.     The averments of this paragraph constitute conclusions of law to which no response is required.

**As to "2.  Plaintiff Gilbert Kahn"**

90-94.  The Devereux Defendants admit that Plaintiff Kahn was a patient in a Devereux facility located in Devon, Pennsylvania and was later transferred to a Devereux facility located in Victoria, Texas.  The Devereux Defendants admit that Plaintiff Kahn was 14 years old when he was first enrolled at Devereux.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

95.     This paragraph purports to characterize publications and news articles, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.  The

remaining averments of this paragraph constitute conclusions of law to which no response is required.

96-97. After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

98.     The averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

### As to "3.  Plaintiff John Brainard"

99-104.     The Devereux Defendants admit that Plaintiff Brainard was a patient of Devereux's Gateway facility.  The Devereux Defendants deny that Plaintiff Brainard was 6 years old when he was first enrolled at Devereux; rather he was 7 years old. After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

### As to "4.  Plaintiff Nicco Beretta"

105-110.     The Devereux Defendants admit that Plaintiff Beretta was a patient of Devereux's Deerhaven facility.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

**As to "5.  <u>Plaintiff Jane Doe 1</u>"**

111-117.  The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 38; therefore, no response by the Devereux Defendants to these averments is required.

**As to "6.  <u>Plaintiff Jane Doe 2</u>"**

118.    The Devereux Defendants admit that Plaintiff Jane Doe 2 was a patient of a Devereux facility located in Florida.  The Devereux Defendants deny that Plaintiff Jane Doe 2 was 14 years old when she was a patient; Plaintiff Jane Doe 2 was a patient between the ages of 15 and 16 years old.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

119.-122.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

123.    The averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

**As to "7.  <u>Plaintiff Jane Doe 3</u>"**

124-128.  The Devereux Defendants admit that Plaintiff Jane Doe 3 was a patient at Devereux SIPP in Woodville, Florida and that Plaintiff Jane Doe 3 reportedly had been a victim of abuse prior to her treatment with Devereux.  After reasonable investigation, which is ongoing,

the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

129.     The averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.   After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

### As to "8.  Plaintiff Jane Doe 4"

130-142.   The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 32; therefore, no response by the Devereux Defendants to these averments is required.

### As to "9.  Plaintiff Jane Doe 5"

143-147.   The Devereux Defendants admit that Plaintiff Jane Doe 5 was a patient of a Devereux facility located in Scottdale, Arizona, and that Plaintiff Jane Doe 5 was 14 years old when she was admitted at Devereux. After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

148.     The averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.   After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

### As to "10.  Plaintiff Jane Doe 6"

149-156.   The Devereux Defendants admit that Plaintiff Jane Doe 6 was a patient of Devereux's Gateway facility.   The Devereux Defendants deny that Plaintiff Jane Doe 6 was 14

years old when she was admitted at Devereux and denies that Plaintiff Jane Doe 6 was admitted at Devereux for "over approximately one year"; rather, Plaintiff Jane Doe 6 was admitted at Devereux for approximately six months, during which time she was 15 years old.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

As to "11.  <b><u>Plaintiff John Doe 1</u></b>"

157-158.   The Devereux Defendants admit that Plaintiff John Doe 1 was a patient of a Devereux facility located in Malvern, Pennsylvania, when he was 8 years old.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

159-161.   The Devereux Defendants deny that Plaintiff John Doe 1 was denied contact with his parents.  Plaintiff John Doe 1 resided at Devereux for just under two weeks.  In that time, Plaintiff John Doe 1 called his parents on at least seven occasions. Plaintiff John Doe 1 also had a pre-scheduled one-hour in-person meeting with his mother within five days of being admitted pursuant to his treatment plan.  The remaining averments of these paragraphs are denied.

162-163.   After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

164.       The Devereux Defendants admit that Plaintiff John Doe 1 was discharged from Devereux's facility within two weeks of being admitted.  After reasonable investigation, which is

17

ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

### As to "12. <u>Plaintiff John Doe 2</u>"

165-171.   The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 51; therefore, no response by the Devereux Defendants to these averments is required.

### As to "13. <u>Plaintiff John Doe 3</u>"

172.      The Devereux Defendants admit that Plaintiff John Doe 3 was a patient of a Devereux facility located in Westminster, Colorado, and was 14 years old when first admitted at Devereux.   After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

173.      This paragraph purports to characterize articles and written content from websites, which speak for themselves, and the Devereux Defendant deny any inaccurate characterization thereof.

174.      The Devereux Defendants admit that Devereux's employees employed restraint techniques on Plaintiff John Doe 3 where necessary to control his aggressive, threatening and/or self-injurious behaviors.   The Devereux Defendants deny the averments of this paragraph.

175.      The averments of this paragraph constitute conclusions of law to which no response is required.   To the extent a response is required, the Devereux Defendants respond that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

176.     The Devereux Defendants admit that Plaintiff John Doe 3 was involved in an incident in which he reportedly physically assaulted two Devereux employees, who later pursued criminal charges against Plaintiff John Doe 3.  The Devereux Defendants deny that the incident occurred in June 2020; the incident occurred on or about July 14, 2020.  The Devereux Defendants deny as stated the description of the incident in this paragraph and deny the allegation that Devereux did not provide interventions, services, and behavioral coping strategies to Plaintiff John Doe 3.   After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

177.     The Devereux Defendants admit that Plaintiff John Doe 3 was discharged from Devereux in July 2020.   The Devereux Defendants deny the remaining averments of this paragraph.

## As to "TOLLING OF STATUTE OF LIMITATIONS"

179.     The averments of this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed required, the Devereux Defendants deny the averments contained in this paragraph.

180.     Denied.

181.     The averments of this paragraph constitute conclusions of law to which no response is required.

182-194.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments contained in these paragraphs.

As to "**CAUSES OF ACTION**"

**"COUNT I – Violation of Title IX (20 U.S.C. §§ 1681, *et seq*.) Creation of a Sexually Hostile
Culture/Heightened Risk of Sexual Harassment"**

196.     The Devereux Defendants incorporate by reference the foregoing paragraphs of
their Answer as if set forth fully herein.

197-201.  These paragraphs purport to characterize and/or quote from statutes and
regulations, which speak for themselves, and the Devereux Defendants deny any inaccurate
characterization thereof.  The remaining averments of these paragraphs constitute conclusions of
law to which no response is required.

202.     The Devereux Defendants admit that Devereux provides educational programs
in day schools, special education programs, vocational training, residential education programs
and one therapeutic boarding school.  The remaining averments of this paragraph constitute
conclusions of law to which no response is required.

203.     The Devereux Defendants admit that Devereux receives federal funding for its
educational programs.  The remaining averments of this paragraph constitute conclusions of law
to which no response is required.

204.     The averments of this paragraph constitute conclusions of law to which no
response is required.

205-208.   The averments of these paragraphs constitute conclusions of law to which no
response is required.  To the extent a response is deemed required, the Devereux Defendants deny
the averments contained in these paragraphs.

209.     Admitted.

210.     Denied.

20

211.     The averment in this paragraph is incomplete.  The extent any response is required, the Devereux Defendants deny the averment of this paragraph.

212-217.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

218.     The Devereux Defendants admit that Plaintiff seek an award of attorneys' fees. The Devereux Defendants deny that Plaintiffs are entitled to recovery any fees.

**As to "COUNT II - Violation of Title IX (20 U.S.C. §§ 1681, *et seq*.) Deliberate Indifference to Prior Sexual Harassment"**

219.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

220-221.   These paragraphs purport to characterize and/or quote from statutes and regulations, which speak for themselves, and the Devereux Defendants deny any inaccurate characterization thereof.

222.     The Devereux Defendants admit that Devereux provides educational programs in day schools, special education programs, vocational training, residential education programs and one therapeutic boarding school.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

223.     The Devereux Defendants admit that Devereux receives federal funding for its educational programs.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

224-236.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

21

237.       The Devereux Defendants admit that Plaintiff seek an award of attorneys' fees. The Devereux Defendants deny that Plaintiffs are entitled to recovery any fees.

## As to "COUNT III – NEGLIGENCE"

238.       The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

239.       The averments of this paragraph constitute conclusions of law to which no response is required.

240-243.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

## As to "COUNT IV – NEGLIGENT HIRING"

244.       The averments of this paragraph constitute conclusions of law to which no response is required.

245-248.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

## As to "COUNT V – NEGLIGENT RETENTION"

249-257.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

## As to "COUNT VI – NEGLIGENT SUPERVISION"

258.       The averments of this paragraph constitute conclusions of law to which no response is required.

259.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

260.     The averments of this paragraph constitute conclusions of law to which no response is required.

261-264.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT VII – GROSS NEGLIGENCE"

265.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

266.     The averments of this paragraph constitute conclusions of law to which no response is required.

267.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

268-269.   The averments of these paragraphs constitute conclusions of law to which no response is required.

270-271.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

272.     The averments of these paragraphs constitute conclusions of law to which no response is required.

273.     The Devereux Defendants deny the averments of this paragraph as stated.  To the extent this paragraph purports to characterize written content from the U.S. Department of Health & Human Services website, which speaks for itself, the Devereux Defendants deny any inaccurate characterization thereof.

274-275.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT VIII – NEGLIGENT MISREPRESENTATION AND OMISSIONS"**

276.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

277.     This paragraph purports to characterize and quote from Devereux's website, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof.

278.     Devereux denies any alleged repeated pattern of sexual abuse and exploitation of young people.  This paragraph purports to characterize and quote from Devereux's website, which speaks for itself, and the Devereux Defendants deny any inaccurate characterization thereof. The remaining averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments.

279-282.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT IX – Violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq."**

283.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

284.     The averments of this paragraph constitute conclusions of law to which no response is required.

285-295.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT X – Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*."**

296.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

297-298.   The averments of these paragraphs constitute conclusions of law to which no response is required.

299-306.  The averments of these paragraphs constitute conclusions of law to which no response is required.

307.     After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

308.     It is admitted that Exhibit 10 is identified as Plaintiff's CLRA venue declaration.

309.     The averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

### As to "COUNT XI – FAILURE TO REPORT CHILD ABUSE (California Child Abuse and Neglect Reporting Act, Cal. Penal Code §§ 11164-11174.4)

310.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

311.     The averments of this paragraph constitute conclusions of law to which no response is required.

312.     The Devereux Defendants admit that Devereux is a behavioral health facility for youth through which Devereux's employees routinely come into contact with children.  The remaining averments of this paragraph constitute conclusions of law to which no response is required.

313-315.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XII – Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq*.

316.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

317-319.   The averments of these paragraphs constitute conclusions of law to which no response is required.

320-326.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XIII – Violations of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq*.**

327.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

328-330.   The averments of these paragraphs constitute conclusions of law to which no response is required.

331-338.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "Count XIV – Violations of the Colorado Consumer Protection Act, Colorado Revised Statutes ("C.R.S.") § 6-1-101, *et. seq*."**

339.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

340-341.   The averments of these paragraphs constitute conclusions of law to which no response is required.

342-350.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "Count XV – Violations of the Arizona Consumer Fraud Act, Arizona Revised Statutes ("A.R.S.") § 44-1521, *et seq*."**

351.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

27

352-354.   The averments of these paragraphs constitute conclusions of law to which no response is required.

355-361.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XVI – VICARIOUS LIBAILITY"

362.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

363-371.   The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XVII – ASSAULT AND BATTERY: JANE DOE 1"

372.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

373-379. The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 38; therefore, no response by the Devereux Defendants to these averments is required.

### As to "COUNT XVIII – ASSAULT AND BATTERY: PLAINTIFF JINES"

380.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

381-382.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants

to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

383.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

384-387.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XIX – ASSAULT AND BATTERY: JANE DOE 2"

388.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

389.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

390-392.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

393.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for

vicarious liability for assault and battery against Devereux, the Devereux Defendants state that averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

394-395.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XX – ASSAULT AND BATTERY: JANE DOE 3"

396.       The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

397-399.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack

knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

400.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

401-402.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XXI – ASSAULT AND BATTERY: PLAINTIFF KAHN"

403.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

404-406.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, which therefore are deemed denied.

407-409.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.   To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XXII – ASSAULT AND BATTERY: PLAINTIFF BERETTA"**

410.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

411.      To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for

vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

412-413.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XXIII – ASSAULT AND BATTERY: PLAINTIFF BRAINARD"

414.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

415-418.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

419.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of this paragraph.

### As to "COUNT XXIV – ASSAULT AND BATTERY: JOHN DOE 3"

420.     The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

421.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

422.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by

the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants admit that Devereux's employees employed restraint techniques on Plaintiff John Doe 3 where necessary to control his aggressive, threatening and/or self-injurious behaviors.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

423.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

424.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied

425-428.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XXV – ASSAULT AND BATTERY: JANE DOE 4"

429.   The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

430-439.   The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 32; therefore, no response by the Devereux Defendants to these averments is required.

### As to "COUNT XXXVI – ASSAULT AND BATTERY: JANE DOE 5"

440.   The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

441.   To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for

37

vicarious liability for assault and battery against Devereux, the Devereux Defendants state that after reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which therefore are deemed denied.

442.     To the extent the averments of this paragraph form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of this paragraph form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that averment of this paragraph concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed denied.

443-447.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XXVII – ASSAULT AND BATTERY: JANE DOE 6"**

448.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

449-452.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs concerning consent constitutes a conclusion of law to which no response is required.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph, which therefore are deemed.

453-456.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XXVIII – ASSAULT AND BATTERY: JOHN DOE 1"**

457.      The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

458-461.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants deny that Plaintiff John Doe 1 was denied contact with his parents.  Plaintiff John Doe 1 resided at Devereux for just under two weeks. In that time, Plaintiff John Doe 1 called his parents on at least seven occasions.  Plaintiff John Doe 1 also had a pre-scheduled one-hour in-person meeting with his mother within five days of being admitted pursuant to his treatment plan.  After reasonable investigation, which is ongoing, the Devereux Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments of these paragraphs, which therefore are deemed denied.

462-465.   To the extent the averments of these paragraphs form the basis of a claim for direct liability for assault and battery against Devereux, such claims were dismissed from this action by the Court's Order dated March 28, 2022, and no response by the Devereux Defendants to these averments is required.  To the extent the averments of these paragraphs form the basis of a claim for vicarious liability for assault and battery against Devereux, the Devereux Defendants state that the averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "COUNT XXIX – ASSAULT AND BATTERY: JOHN DOE 2"

466.       The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

467-475.    The averments of these paragraphs pertain to a plaintiff whose claims were dismissed from this action pursuant to Docket Entry 51; therefore, no response by the Devereux Defendants to these averments is required.

**As to "COUNT XXX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"**

476.        The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

477-483.    The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XXXI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"**

484.        The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

485-488.    The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

**As to "COUNT XXXII – BREACH OF FIDUCIARY DUTY"**

489.        The Devereux Defendants incorporate by reference the foregoing paragraphs of their Answer as if set forth fully herein.

490.        The averments of this paragraph constitute conclusions of law to which no response is required.

491-492.    The averments of these paragraphs constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Devereux Defendants deny the averments of these paragraphs.

### As to "PRAYER FOR RELIEF"

**WHEREFORE**, the Devereux Defendants respectfully request that judgment be entered in their favor and award the m all other relief to which they are entitled.

### AFFIRMATIVE DEFENSES

The Devereux Defendants hereby assert the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim against the Devereux Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Devereux Defendants did not breach any duty owed to Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

No action or inaction on the part of the Devereux Defendants, or their agents, servants, employees and/or representatives, caused or contributed in any manner to the injuries in Plaintiffs' Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, injuries and losses, if any, were caused entirely by circumstances or the acts of other persons or parties over whom the Devereux Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

The damages complained of by Plaintiffs, if any, were not proximately caused by the Devereux Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, the Devereux Defendants acted with due care and complied with all requirements of applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Devereux may be barred by superseding and/or intervening criminal acts.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' alleged injury or injuries were caused by any Devereux employee, the employee was acting outside the scope of his/her employment when the alleged injury or injuries occurred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by Plaintiffs' failure to mitigate alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Devereux Defendants had no actual or constructive notice of any alleged abuse or other wrongful conduct or contact by any employee of the Devereux Defendants involving Plaintiffs prior to Plaintiffs reporting the alleged conduct, if ever.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Devereux Defendants are protected by qualified immunity.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

The Devereux Defendants had appropriate policies designed to prevent and correct sexual harassment and, upon notice the alleged sexual harassment and/or assault, the Devereux Defendants took prompt and effective action to respond to Plaintiffs' reports, where any such reports were made.

Date: May 9, 2022                           */s/ Cameron M. Redfern*

STRADLEY RONON STEVENS & YOUNG, LLP
Joseph McHale Esquire
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355
jmchale@stradley.com

Jeffrey A. Lutsky, Esquire
Michael J. Wise, Esquire
Cameron M. Redfern, Esquire
2005 Market Street, Suite 2600
Philadelphia, PA 19103
P: (215) 564-8742
F: (215) 564-8120
jlutsky@stradley.com
mwise@stradley.com
credfern@stradley.com

*Attorneys for Defendants, The Devereux*
*Foundation and Quality Health Staffing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Cameron M. Redfern, hereby certify that on May 9, 2022, a copy of the Devereux Defendants' foregoing Answer to Plaintiffs' Second Amended Complaint was filed electronically via the Court's ECF system and is available for viewing and downloading from the Court's ECF system, and that all counsel of record were served with a copy of the foregoing motion via the Court's ECF System.

*/s/ Cameron M. Redfern*

5586547